UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JONATHAN TIMMS,

                              Plaintiff,

           -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, POLICE OFFICER ERIN
BARNES, DETECTIVE THOMAS DRISCOLL, JOHN
DOE ##1-5,

                              Defendants.

**ANSWER**

08 CV 3762 (DAB)

JURY TRIAL
DEMANDED

------------------------------------------------------------------------x

        Defendants City of New York, Raymond Kelly, Erin Barnes and Thomas Driscoll, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that on or about June 2, 2005, Raymond Kelly was and still is the Commissioner of the New York City Police Department and that plaintiff purports to proceed as stated therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit that on or about June 2, 2005, Erin Barnes was a New York City Police Officer.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint

13. Deny the allegations set forth in paragraph "13" of the complaint

14. Deny the allegations set forth in paragraph "14" of the complaint

15. Deny the allegations set forth in paragraph "15" of the complaint, including all subparts therein.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs and inclusive of this answer, as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

33. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

34. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

35. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

36. There was probable cause for plaintiff's search, arrest and/or detention.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

37. Plaintiff cannot obtain punitive damages against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

38. Defendant Erin Barnes has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

39. Raymond Kelly has no personal involvement in the incident alleged in this action.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

40. At all times relevant to the acts alleged in the complaint, defendant City of New York acted reasonably, properly, lawfully and in good faith in the exercise of its discretion. Consequently, defendant City of New York is entitled to governmental immunity.

**AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:**

41. Plaintiff's claims are barred, in part or in whole, by the applicable statute of limitations.

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:**

42. Plaintiff has failed to comply with General Municipal Law §§ 50(e), (i).

-5-

WHEREFORE, defendants City of New York, Raymond Kelly, Erin Barnes and Thomas Driscoll request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 23, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendants City of New York,*
                              *Raymond Kelly, Erin Barnes and Thomas Driscoll*
                              100 Church Street, Room 3-199
                              New York, New York 10007
                              (212) 788-1106

                              By: _____
                                  CAROLINE CHEN
                                  Assistant Corporation Counsel

To:    Andrew B. Stoll, Esq. (by first class mail)
        *Attorney for Plaintiff*
        71 Nevins Street
        Brooklyn, New York 11217

Index No. 08 CV 3762 (DAB)

| UNITED STATES DISTRICT COURT |
| SOUTHERN DISTRICT OF NEW YORK |

| JONATHAN TIMMS, |
| Plaintiffs, |
| -against- |
| THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND KELLY, POLICE OFFICER ERIN BARNES, DETECTIVE THOMAS DRISCOLL, JOHN DOE ##1-5, |
| Defendants. |

| ANSWER |

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Raymond Kelly*
*Erin Barnes and Thomas Driscoll*
*100 Church Street, Room 3-199*
*New York, New York 10007*

*Of Counsel: Caroline Chen*
*Tel: (212) 788-1106*
*NYCLIS No. 2007-*

*Due and timely service is hereby admitted. New York, New York      , 2008...*

.................................................... *Esq.*

*Attorney for*.......................................................

## DECLARATION OF SERVICE BY MAIL

I, CAROLINE CHEN, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on June 23, 2008, I caused to be served the **ANSWER** upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

Andrew B. Stoll, Esq.
71 Nevins Street
Brooklyn, New York 11217

Dated:   New York, New York
         June 23, 2008

_____
CAROLINE CHEN